UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PATRICIA VEERKAMP, and  PATRICIA TINSLEY, individually  and on behalf of others similarly situated, | )  )  )  ) <u>CLASS ACTION</u> |
| Plaintiffs, | ) CAUSE NO. 1:04-cv-0049-DFH-TAB  ) |
| v. | )  ) |
| U.S. SECURITY ASSOCIATES, INC., | )  ) |
| Defendant. | ) |

**<u>ORDER ON PLAINTIFFS' MOTION TO COMPEL</u>**

The parties appeared by counsel on December 9, 2005 for a telephonic status conference. Argument was heard regarding Plaintiffs' October 6 motion to compel [Docket No. 154]. Plaintiffs contend that they are entitled to, and that Defendant U.S. Security Associates, Inc., ("USSA") has failed to produce, six categories of information: (1) personnel records, time keeping, and post order records for all potential national class members; (2) policy statements, memoranda, and employee manuals related to Plaintiffs' posts of duty for the duration of Plaintiffs' employment; (3) personnel files of those individuals identified by USSA as having knowledge of facts or circumstances of Plaintiffs' claims; (4) USSA's financial information; (5) a list of USSA's clients and customers; and (6) a privilege log.

USSA responds that it has produced all post orders and policy statements, memoranda, and employee manuals related to Plaintiffs' posts of duty for the duration of Plaintiffs' employment. It further contends that personnel files for any individuals whose claims are barred by the statute of limitations or personnel files of non-party individuals are not discoverable because they do not contain information that is likely to lead to admissible evidence. Likewise,

USSA argues that its financial information and client lists are not relevant and thus are not discoverable.

Plaintiffs' allegation that USSA ordered its employees to report to work fifteen minutes prior to their actual paid shift time, without paying them for those fifteen minutes, is the impetus behind their quest to gain more complete and broader discovery from USSA. USSA contends that it issued no such orders. Nevertheless, Plaintiffs' requests, if limited in scope to USSA's Indiana operations, are reasonably calculated to lead to the discovery of admissible evidence. Based on the record before it, therefore, the Court finds that the Plaintiffs' motion has some merit and GRANTS in part and DENIES in part Plaintiffs' motion to compel. To the extent it has not already produced the information, USSA shall produce the following items within thirty days:

(1) All payroll, time card, and sign-in sheet records for all FLSA opt-in Plaintiffs at all of USSA's Indiana locations from January 1, 2000 until the present;

(2) All post or site orders, including any letters, memoranda, e-mail, policy documents, or any other written documentation regarding any request, instruction, or mandate relating to arrival time for any USSA security guard employees, and employee and supervisor manuals issued and/or in use at any Indiana USSA location from January 1, 2000 until the present;

(3) A list of USSA's Indiana customers or clients from January 1, 2000 to present, including addresses of each client location;

(4) Personnel files limited to job performance, evaluations, dates of employment, discipline, promotion, and commendation records for Plaintiffs and FLSA opt-in

        class members whose claims are, without challenge, within the statute of limitations.  With respect to personnel files of any FLSA opt-in class members whose claims USSA contends are beyond the statute of limitations, USSA is only obligated to produce those personnel files, as limited herein, within thirty days of any Court adjudication that their claims are timely; and

    (5)    A privilege log.

The Court denies Plaintiffs' request for the production of USSA's financial information and personnel files of potential plaintiffs and non-party individuals except as provided above. To the extent any other item of information requested in Plaintiffs' motion is not addressed above, Plaintiffs' motion is denied.

Dated:  12/20/2005                                      _____

                                                          Tim A. Baker  
                                                          United States Magistrate Judge  
                                                          Southern District of Indiana

Copies to:

Amy Ficklin DeBrota
PRICE WAICUKAUSKI RILEY & DEBROTA
adebrota@price-law.com

Herbert E. Gerson
FORD & HARRISON LLP
hgerson@fordharrison.com

Trenten D. Klingerman
STUART & BRANIGIN LLP
tdk@stuartlaw.com

David P. Knox
FORD & HARRISON LLP
dknox@fordharrison.com