UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PATRICIA VEERKAMP and PATRICIA TINSLEY, individually and on behalf of others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | CASE NO. 1:04-cv-0049-DFH-TAB |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. SECURITY ASSOCIATES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

ENTRY ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
AND PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

In this collective action under the Fair Labor Standards Act ("FLSA"),
29 U.S.C. § 201 *et seq.*, defendant U.S. Security Associates, Inc. ("USSA") has
moved for summary judgment on the claims of some plaintiffs. Plaintiffs' central
theory under the FLSA is that USSA required its security guard employees to be
present at work for 15 or 20 minutes before the scheduled start of their shifts but
did not pay them for that time at work before the scheduled start of the shifts.
Plaintiffs have also filed a motion to certify a plaintiff class with multiple sub-
classes of employees in 27 states other than Indiana who assert only state law
claims. As explained below, USSA's motion for summary judgment is granted in
part and denied in part. Plaintiffs' motion to certify a plaintiff class under Rule
23 is denied.

I.      *USSA's Motion for Summary Judgment*

To win summary judgment, USSA must show that there is no genuine dispute as to any material fact.  Fed. R. Civ. P. 56.  Plaintiffs are entitled to the benefit of conflicts in the evidence and to the most favorable reasonable inferences that might be drawn from that evidence.  Because the different issues are so distinct, the court states the relevant facts in the discussion of each issue.

A.      *Consent Form Responses*

The plaintiffs who opted in to join this action under the collective action procedures of the FLSA, see 29 U.S.C. § 216(b), filled out consent forms and signed them under penalty of perjury.  Each form contained several questions, including question number 2:  "Did U.S. Security Associates, Inc. require you to report to work prior to the start of your shift?"  The plaintiff was asked to circle yes or no.  Question number 3 was:  "If yes, indicate how early you had to report."

Twenty-seven plaintiffs answered no to question number 2.  Three plaintiffs did not answer the question.  USSA has moved for summary judgment as to those 30 plaintiffs.  Plaintiffs have agreed that 19 of these plaintiffs do not have viable claims.[1]

---

[1]USSA is entitled to summary judgment as to Barbara Andrews, Charles Burns, Chris Byers, Barry Fitzgerald, Phyllis Gross, Barry Lee Harrington, Linda (continued...)

One of the remaining plaintiffs, Larry Gick, submitted an affidavit stating that he forgot to answer the question and that USSA in fact required him to report 15 minutes before the start of his shift.   Pl. Ex. A.   His affidavit does not contradict any prior sworn statement and is sufficient to raise a genuine issue of fact as to his claim.

Nine additional plaintiffs (Wesley Guffey, Lakescha Nielson, Elmer Smith, Olanda Russell, Larry Washington, Joe Moss, Judy Bowling, Rita Ware, and Jamie Taylor) answered no on the form.   In response to the motion for summary judgment, they submitted affidavits asserting that USSA had in fact required them to report early and had not paid for that time.   The affidavits stated that their consent form answers were wrong.   Taylor's affidavit said she mistakenly circled no and had intended to circle yes.   Guffey and Bowling said they did not understand the question on the form.   The remaining six plaintiffs in this group said that they thought the question referred to coming in hours early to cover other shifts.

---

[1](...continued)
Johnson, Michael Johnson, William Lee, Richard Payne, Willie Robinson, John Royal, Renise Shobe, Gary Simpson, William Smith, Bonita Springfield, Chere Thompson, Zach DeLongchamp, and Daniel Richardson.  See Docket No. 201 at 2-3.  By separate motion filed on September 28, 2006, plaintiffs formally moved to dismiss the claims of most of these plaintiffs, and the court is granting that dismissal by separate order.

USSA argues the affidavits should not create a genuine issue of fact.  Noting that the consent forms were submitted under oath, USSA relies on the line of cases rejecting parties' efforts to create sham issues of material fact by submitting affidavits contradicting their sworn deposition answers.  See, *e.g.*, *Stinnett v. Iron Works Gym*, 301 F.3d 610, 614-15 (7th Cir. 2002); *Russell v. Acme-Evans Co.*, 51 F.3d 64, 67-68 (7th Cir. 1995).  Plaintiffs rely on the line of cases allowing parties and other witnesses to correct or clarify answers, especially if they found the questions confusing.  See, *e.g.*, *Maldonado v. U.S. Bank & Mfrs. Bank*, 186 F.3d 759, 769 (7th Cir. 1999) (affirming denial of plaintiff's motion to strike defense affidavit correcting errors from deposition after witness consulted relevant files; district court had discretion to treat explanation as legitimate reason for changing deposition testimony); *Bank of Illinois v. Allied Signal Safety Restraint Systems*, 75 F.3d 1162, 1169-70 (7th Cir. 1996) (collecting examples on both sides of the problem).  Also, of course, even a deponent is allowed to correct her answers upon reviewing the transcript.  Fed. R. Civ. P. 30(e).

Witnesses and parties sometimes make mistakes.  That is true of both plaintiffs and defendants.  Not every contradiction between sworn statements is a case of perjury.  The Seventh Circuit has explained:

> The purpose of summary judgment is to separate real, genuine issues from those which are formal or pretended.  To allow every failure of memory or variation in a witness's testimony to be disregarded as a sham would require far too much from lay witnesses and would deprive the trier of fact of the traditional opportunity to determine which point in time and with

which words the witness (in this case, the affiant) was stating the truth. Variations in a witness's testimony and any failure of memory throughout the course of discovery create an issue of credibility as to which part of the testimony should be given the greatest weight if credited at all. Issues concerning the credibility of witnesses and weight of the evidence are questions of fact which require resolution by the trier of fact.

*Bank of Illinois v. Allied Signal Safety Restraint Systems*, 75 F.3d at 1170, quoting

*Tippens v. Celotex Corp.*, 805 F.2d 949, 953 (11th Cir. 1986).

Lawyers and judges also know that people sometimes say yes when they mean no, both in casual conversation and even in testimony. Most trials produce at least one or two surprising answers, followed by the question: "Are you sure?" And we know that some witnesses and parties honestly misunderstand questions from time to time, even if the questions seem clear to lawyers and judges upon reflection. In this case, plaintiffs' counsel checked with the 30 plaintiffs who gave the "wrong" answers on their consent forms. Most stood by their answers; their claims must be dismissed. A few said they had made mistakes and that in fact USSA had required them to arrive early for work. Their correcting affidavits are corroborated by testimony from other employees at the same locations.

For purposes of summary judgment, these plaintiffs have offered plausible explanations for their errors. The court cannot conclude that these nine affidavits are merely sham attempts to create an issue of fact. The circumstances here allow a reasonable inference that these nine plaintiffs made honest mistakes. The

-5-

original answers and corrections present genuine issues of fact that cannot be resolved by the court on summary judgment.  At trial, USSA will have an opportunity to offer the prior inconsistent statements to challenge the credibility of these plaintiffs.

The 30th plaintiff in this group is Donald Bellew, whose case is addressed separately below.  USSA is entitled to summary judgment on the FLSA claims of the persons named in footnote 1, above.

B.   *FLSA Statute of Limitations*

The FLSA has a two year statute of limitations, except that the limit is extended to three years if the defendant's violation was "willful."  29 U.S.C. § 255(a).  Defendant argues that the FLSA claims of 125 additional plaintiffs are barred by the statute of limitations – some by the two year limit and some even by the three year limit.  Plaintiffs respond that (1) they can prove willful violations, saving 84 of the plaintiffs' claims, and (2) that an additional 37 plaintiffs should be entitled to equitable tolling.  Plaintiffs concede that the FLSA claims of three plaintiffs – Joe Mathes, Penny Maxwell, and Oliver Smith – are barred by the three year limit and that equitable tolling does not apply, so that USSA is entitled to summary judgment on their FLSA claims.

1.    *Willfulness*

The Supreme Court has interpreted the "willful" element in the FLSA statute of limitations to require a showing that "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).  USSA argues that plaintiffs cannot show willfulness.  USSA relies on several formal, company-wide policies stating that employees are not required to arrive any earlier than the scheduled starting times for their shifts.  USSA also relies on affidavits from managers stating that they adhere to these policies.  USSA acknowledges that at one work site in Lafayette, Indiana, a "General Order" was in effect for a time requiring employees to arrive before their shifts began.  USSA contends that it inherited this policy from a predecessor and competitor and that it changed this policy as soon as its district manager learned of it.

Plaintiffs have come forward with conflicting evidence.  They have submitted a number of affidavits from employees at many locations stating that their supervisors instructed them to arrive early.  See Pl. Ex. G.  For example, former supervisor Ryan Goss testified that it was company policy to require all security guards to report for work 15 minutes before their scheduled shifts began, but to allow them to "officially clock in" only five minutes before the shifts began.  He added that guards violating the policy were subject to disciplinary action.  Troy Warner worked as a guard and testified that he saw the policy in writing on the

-7-

company bulletin board.  Calvin Green testified that his supervisor told him he was required to show up 15 minutes early for work and was not paid for that time. Patricia Tinsley testified that her supervisor told her she had to show up 15 minutes early, that she was not paid for the time, and that she was not allowed to conduct personal business during that time.  Amy Blunk testified that she was instructed to report 15 minutes early and "punch in" with a timecard that was not used to calculate her pay.  Instead, pay was based on other time sheets recording assigned shift hours rather than actual work hours.  Timothy Hulbert testified that his supervisors told him he was required to be at work 15 minutes early and was not paid for the time.

Plaintiffs also argue that different inferences should be drawn from the USSA documents.   First, the documents support an inference that USSA management knew that a policy of requiring guards to arrive early without paying for the time would violate the FLSA.  Second, plaintiffs have come forward with some documents showing a written policy that an employee would be tardy if he arrived later than 20 minutes before the scheduled start of his shift.  Pl. Exs. H & I.  The policy states that the time would not be paid but that the employee would have a paid break during the shift to compensate.  Yet plaintiffs have come forward with affidavits stating that they did not receive such breaks.  Also, some of the policies indicate that guards would be paid only for their shift time and that the arriving guard and departing guard would need to record the same time for

beginning and ending their respective work periods.  Although that might seem reasonable at first glance, there would necessarily need to be some overlap in the shift changeovers.  Under the FLSA, both employees are entitled to be paid for all their time at work, including the overlap between shifts.

More generally, plaintiffs have come forward with evidence that USSA actually practiced such a policy at so many locations, over so long a time, and under so many local supervisors that a jury could reasonably infer a broad company policy, notwithstanding the sworn denials of senior management.  USSA points out that 19 plaintiffs testified (in their consent forms) that they were not required to report to work prior to the start of their shift, but hundreds have testified that they were subject to such a policy.  This is not the stuff of summary judgment.

USSA contends that plaintiffs' evidence is not specific enough to create a genuine issue of material fact, citing Judge Tinder's decision in *Harrison v. Superior Carpet Installers, Inc.*, 2002 WL 243657 (S.D. Ind. Jan. 4, 2002), granting summary judgment for an employer in an FLSA case.  The issue in *Harrison* was whether the employer required employees to return to the employer's shop at the end of the work day.  The case is similar to this one on the issue of the employer's policies.  Plaintiff Harrison submitted his own affidavit and affidavits from other former employees asserting that the employer required them to report to the shop

at the end of the day.  The employer responded with affidavits from its president denying there was such a policy and affidavits from 26 current employees stating that there was no such policy and that they had occasionally gone straight home without stopping at the shop and had not been disciplined.  Judge Tinder credited the defendant's evidence.  He concluded that the plaintiff's evidence was too vague and conclusory to present a genuine issue of material fact: "The former employees do not state how they became aware of the alleged policy or requirement or how long it had been in place, and they do not identify who or what specific written policy required them to return to the shop at the end of the day.  They do not give any examples of instances in which the failure to follow the alleged policy resulted in discipline or reprimand." *Id.* at 6.  (In footnote 9, Judge Tinder noted that one former employee named a specific manager who had reprimanded him for failing to return to the shop at the end of the day, but this evidence was deemed irrelevant because there was no indication that the incident occurred within the two-year limitations period.)

The court is not persuaded by USSA's reliance on *Harrison*, however, that plaintiffs in this case have failed to raise a genuine issue of fact as to whether there was a widespread policy or practice that violated the FLSA, one so widespread that a jury could reasonably find a willful violation.  *Harrison* appears to present conflicting affidavits, and the decision is close to the line that marks the

outer boundary for using the summary judgment procedure.[2]   In any event, *Harrison* is distinguishable here based on the sheer volume of evidence from so many employees at so many different locations, including evidence from at least one former supervisor.  The plaintiffs' affidavits in this case are also corroborated to some degree, at least on summary judgment, by internal USSA documents that are consistent with their testimony.  The decision is also distinguishable to some extent because the plaintiff in *Harrison* was relying on evidence from witnesses who had not worked for the employer during any relevant time period.  See 2002 WL 243657, at *6 & *8. Also, the basis for the employees' knowledge of the alleged policy here is evident.  An employee can reasonably be expected to know what behavior is expected of him.  The suggestion that a company's actual practices differ from the lawyer-approved written policies is not startling.

The record here therefore presents a classic credibility contest.   USSA managers testify that they complied with the law.  Employees testify that they did not.  The court cannot resolve that issue on summary judgment.  Because the evidence would allow a reasonable jury to find that USSA violated the FLSA willfully with a general practice, USSA is not entitled to summary judgment as to 84 plaintiffs who turned in their consent forms between two and three years after their employment had ended.

_____

[2]The court in *Harrison* noted that its decision was not intended for precedential use.  2002 WL 243657, n.1.

2.   *Equitable Tolling*

Plaintiffs argue that 37 plaintiffs who filed their consent forms outside the three year statute of limitations should be allowed to pursue their claims based on the doctrine of equitable tolling.  As a general rule, equitable tolling may allow a late claim where the defendant has misled the plaintiff about his cause of action, where the plaintiff has been prevented in some extraordinary way from asserting his rights, or where the plaintiff has timely asserted his rights in the wrong forum. *E.g.*, *Hann v. Crawford & Co.*, 2005 WL 2334676, at *5 (W.D. Pa. Aug. 9, 2005) (considering application of doctrine to FLSA claims); see also *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990) (equitable tolling generally "permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim.").

There is no assertion here that USSA actively misled plaintiffs or concealed anything from them.  To support their theory, plaintiffs offer evidence that USSA did not post the required notice of employees' FLSA rights.  Department of Labor regulations require an employer to post and to keep posted a notice explaining the FLSA "in conspicuous places in every establishment where such employees are employed so as to permit them to observe readily a copy."  29 C.F.R. § 516.4. Plaintiffs have offered affidavits from several plaintiffs testifying that they did not see FLSA notices at the locations where they worked for USSA.

-12-

It is not at all clear that a failure to comply with the regulation tolls the FLSA's statute of limitations.  The regulation itself does not provide for that sanction.  The court appeared to find such an effect in *Hann v. Crawford & Co.*, 2005 WL 2334676, at \*5, citing *Nogar v. Henry F. Teichmann, Inc.*, 640 F. Supp. 365, 370 (W.D. Pa. 1985) (tolling 300-day statute of limitations under Age Discrimination in Employment Act where it was undisputed that defendant did not post required notices and did not have other evidence that plaintiff was aware of his rights); accord, *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049-50 (4th Cir. 1987) (stating that failure to post could toll statute of limitations under ADEA but affirming summary judgment where plaintiff's affidavit stated only that he was not aware of any notice and defendant showed that it had posted the notice).  In *Hann*, however, the court ultimately rejected the equitable tolling theory, finding that the employer had satisfied the posting requirements by posting the notice at its main office and relying on other notices at multi-employer sites.  2005 WL 2334676, at \*5-6.

In this case, USSA has offered evidence that FLSA posters were displayed at its Indianapolis headquarters where all applicants for jobs appeared in person and where all guards were required to report for orientation.  Guards also received manuals that informed them at least generally about the FLSA.  Some plaintiffs have testified that they did not see FLSA posters at their actual work locations, but they were outside contractors working at locations that USSA did not control.

Also, the statement that an employee did not see such a notice does not mean there was no notice.

Plaintiffs have failed to come forward with evidence sufficient to support their equitable tolling theory. Their affidavits do not dispute defendant's assertion that FLSA notices were posted at USSA's own office in Indianapolis or that employees received written materials with information about the FLSA and overtime pay and related issues. See Pl. Ex. U. The affidavits do not even claim the plaintiffs were not aware of their rights under the FLSA. This court agrees with *Hann* that an employer who assigns employees to work at another employer's location need not duplicate FLSA and parallel notice requirements. (It seems unlikely at best that the many major employer sites where USSA guards worked all failed to comply with the basic and well-known FLSA posting requirements.[3]) The undisputed evidence also shows that USSA did not rely solely on the posting at its headquarters to inform employees of their rights under the FLSA. Finally, plaintiffs' affidavits (from only 12 of the 37) stated only that they did not see such a notice at the sites they were guarding, which is not sufficient to present a genuine issue of material fact on this point. *English*, 828 F.2d at 1050.

---

[3]The locations included the Indianapolis Star newspaper, Bank One, the Indianapolis Airport, Federal Express, the Subaru factory near Lafayette, Staples, GAF, a high school, and CVS Pharmacies. Pl. Ex. U.

On this record, a jury could not reasonably find that USSA actively misled the plaintiffs or concealed their rights from them.  USSA is entitled to summary judgment on the FLSA claims of  the 37 plaintiffs who have relied on equitable tolling to avoid the statute of limitations.[4]

C.    *State Law Statute of Limitations*

Plaintiffs also assert several claims under state law, including statutory claims for unpaid wages, conversion, breach of an implied contract, and unjust enrichment.  Indiana provides a two year statute of limitations for an action "relating to the terms, conditions, and privileges of employment," except for actions based on a written contract.  Ind. Code § 34-11-2-1.  Plaintiffs agree that the two year statute applies to their claims for conversion and for unpaid wages. They contend that their claims for breach of an implied contract and for unjust enrichment would be governed by a six year statute.  However, all of plaintiffs' claims "relat[e] to the terms, conditions, and privileges of employment" and are subject to the two-year statute.  See *Miller v. International Harvester Co.*, 811 F.2d

---

[4]The 37 plaintiffs who lose on this ground are Doris Adkins, Mark Adkisson, Ella Bell, Harvey Brown, Troy Brown, John Bundy, Spencer Cistrunk, Richard Cosgrove, Dwayne Evans, Darlene Frazier, Jamin Goodner, Jennifer Graham, Kindell Graham, Jamie Gramelspacher, George Harrison, Terry Heistand, Donnette Hellums, Jennifer Isenhower, John Johnson, Deborah Jones, Amos Kosia, James Lawson, Wallace Magee, Rozelle Manning, David Matherly, Tara McGee, Rodrick McMurray, Nicole McVea, Charlotte Mickle, Nicholas O'Neill, Christine Ovellette, Terence Sanders, James Sickle, Michelle Sutton, Richard Tyson, James Wilson and Terry Yoder.  See Docket No. 201 at 3-4.

1150, 1151-52 (7th Cir. 1987) (applying two year statute to claim that employee quit his job in reliance upon a promise to begin paying him a pension at age 55; Indiana's employment statute of limitations was not limited to claims asserting claims for breach of contract).

The state law claims were subject to the Rule 23 class action allegations in the original complaint filed in an Indiana state court on December 11, 2003. This court denied class certification on the state law claims on March 15, 2005. As a general rule, an applicable statute of limitations is tolled while a complaint seeking class certification is pending. *E.g., American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974) ("the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action"); *Hemenway v. Peabody Coal Co.*, 159 F.3d 255, 265-66 (7th Cir. 1998). That effect ends, however, when the court denies class certification. *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354 (1983); *Culver v. City of Milwaukee*, 277 F.3d 908, 914 (7th Cir. 2002). For the FLSA opt-in plaintiffs, it would be appropriate to treat the filing of each consent form as an assertion of any state law claims that plaintiff might have. The filing of the consent form was the time that each plaintiff is deemed to have joined this action as a plaintiff, and is comparable to that plaintiff's filing of his or her own complaint.

-16-

Accordingly, the two year statute of limitations for state law claims will need to be applied one plaintiff at a time. That application will need to be based on the following principles. First, all Indiana state law claims are subject to a two-year statute of limitations. Second, the statute was tolled from December 11, 2003 until March 15, 2005. The clock then started again on March 16, 2005 and stopped again when each FLSA plaintiff filed his or her consent form.

For now, defendant USSA's motion for summary judgment on the state law claims is granted in part, to the extent that the foregoing principles have been determined as a matter of law. The motion is denied with respect to application of those principles to individual plaintiffs because the defendant argued the motion without taking into account the tolling the resulted from the original complaint.

D.    *Donald Bellew*

Plaintiff Donald Bellew reported on his consent form that he had not been subjected to a policy of being required to report early and not being paid for that time, but that he had been required to work past the scheduled end of his shifts and had not been paid for that time. USSA argues that his claims should be dismissed without prejudice because he was not similarly situated to the other plaintiffs. Plaintiffs argue that Bellew's claims are similar enough to those of the other plaintiffs, involving the transfer of responsibility at the shift change, to

-17-

handle his claims as part of the same case.  Under defendant's analysis, Bellew would need to file a separate lawsuit to assert his claims.  In the court's view, Bellew's claims are simply the opposite side of the same coin, namely FLSA claims arising from shift changes.  There is no need to require Bellew to file a separate lawsuit in which much of the discovery and other work might need to be repeated. How best to handle Bellew's claims for trial is an issue the court will address at a later stage of the case.

II.  *Motion to Certify Plaintiff Class Under Rule 23*

Plaintiffs have also filed a motion to certify a plaintiff class action under Rule 23 of the Federal Rules of Civil Procedure for assertion of state law claims (Docket No. 226).  The motion asks the court to revisit the issues addressed when the court denied Rule 23 class certification on March 15, 2005, but without prejudice to possible reconsideration.  Plaintiffs seek certification of a plaintiff class consisting of current and former USSA employees in 27 states other than Indiana, asserting claims arising only under state law, but of 27 states.

The motion must be denied because plaintiffs have not shown how the court could have subject matter jurisdiction over the purely state law claims.  Plaintiffs have not shown a basis for diversity jurisdiction.  (USSA removed the case based on federal question jurisdiction.)  Supplemental jurisdiction under 28 U.S.C. § 1367(a) cannot be stretched so far as to treat the state law claims of employees

-18-

in other states as being part of the same case or controversy as the FLSA claims of employees in Indiana.

Even if jurisdiction were available, the proposed class could not satisfy the requirements of Rule 23(b)(3) that common issues would predominate and that a class action would be a superior method for managing the controversy. Assuming for the sake of argument that a class action might be appropriate for state law claims by employees within one state, the proposal for a class action combining claims under 27 different states is a non-starter. The Seventh Circuit has repeatedly reversed certifications of multi-state class actions asserting claims arising under different states' laws. *E.g., In re Bridgestone/Firestone Litigation*, 288 F.3d 1012, 1015, 1020-21 (7th Cir. 2002) (reversing class certification order; "No class action is proper unless all litigants are governed by the same legal rules."); *Isaacs v. Sprint Corp.*, 261 F.3d 679, 682 (7th Cir. 2001) (reversing preliminary class certification order for nationwide class); *In re Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1300-02 (7th Cir. 1995) (granting writ of mandamus requiring decertification). Without repeating the discussions in those cases, they show that the proposed class could not be certified.[5]

---

[5]The plaintiffs' new motion to certify a class does not seek to include in the class any USSA employees who worked in Indiana and who did not opt-in to the FLSA collective action.

-19-

*Conclusion*

For the foregoing reasons, defendant USSA's motion for partial summary judgment (Docket No. 151) is granted on the FLSA claims of the following plaintiffs: Barbara Andrews, Charles Burns, Chris Byers, Barry Fitzgerald, Phyllis Gross, Barry Lee Harrington, Linda Johnson, Michael Johnson, William Lee, Richard Payne, Willie Robinson, John Royal, Renise Shobe, Gary Simpson, William Smith, Bonita Springfield, Chere Thompson, Zach DeLongchamp, and Daniel Richardson; Joe Mathes, Penny Maxwell, and Oliver Smith; and Doris Adkins, Mark Adkisson, Ella Bell, Harvey Brown, Troy Brown, John Bundy, Spencer Cistrunk, Richard Cosgrove, Dwayne Evans, Darlene Frazier, Jamin Goodner, Jennifer Graham, Kindell Graham, Jamie Gramelspacher, George Harrison, Terry Heistand, Donnette Hellums, Jennifer Isenhower, John Johnson, Deborah Jones, Amos Kosia, James Lawson, Wallace Magee, Rozelle Manning, David Matherly, Tara McGee, Rodrick McMurray, Nicole McVea, Charlotte Mickle, Nicholas O'Neill, Christine Ovellette, Terence Sanders, James Sickle, Michelle Sutton, Richard Tyson, James Wilson and Terry Yoder.   USSA's motion for summary judgment is also granted with respect to how the statute of limitations will be applied to the state law claims of the FLSA plaintiffs.  In all other respects, USSA's motion for summary judgment is hereby denied.  Finally, plaintiffs' motion for class certification (Docket No. 226) is also denied.

-20-

So ordered.

Date: September 29, 2006

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Timothy S. Bland
FORD & HARRISON LLP
tbland@fordharrison.com

Amy Ficklin DeBrota
THE DEBROTA LAW FIRM LLC
amy@debrotalaw.com

Herbert E. Gerson
FORD & HARRISON LLP
hgerson@fordharrison.com

Trenten D. Klingerman
STUART & BRANIGIN LLP
tdk@stuartlaw.com

David P. Knox
FORD & HARRISON LLP
6750 Poplar Avenue, Suite 600
Memphis, TN 38138

George W. Singleton
FORD & HARRISON LLP
bsingleton@fordharrison.com